**24UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: UNASSIGNED

| | |
|---|---|
| ALIVE DISTRIBUTOR INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 21-00236 <br><br> COMPLAINT |

Plaintiff Alive Distributor, Inc. ("Alive Distributor"), by its attorneys, Stein Shostak Shostak Pollack & O'Hara, LLP, complains of Defendant, United States, and alleges as set forth in this complaint:

### Jurisdiction

1. Jurisdiction in this action arises under 28 U.S.C. §1581(a), and this action is filed within the time limits prescribed by 28 U.S.C. § 2636(a)(1).

2. On March 7, 2021, Plaintiff filed an entry D14-2110975-6 to import 1108 cartons of wearing apparel. On March 22, the imported merchandise was delivered to the designated Customs exam site and available for inspection. On March 29, U.S. Customs and Border Protection rejected the entry asserting Plaintiff does not have the right to make entry. On April 21, 2021 as a matter of law the merchandise is excluded from entry.

3. Pursuant to 19 U.S.C. §1514(a)(4), on April 22, 2021, through its attorneys, Plaintiff filed protest no. 2704-21-154786, contesting Customs decision to exclude the merchandise covered by entry D14-2110975-6 imported by Plaintiff.

1

4. On May 10, 2021 Defendant denied protest no. 2704-21-154786.

5. Currently, no duties and taxes on the entry are due.

6. Pursuant to 28 U.S.C. § 1581(a), this action is based upon Defendant's denial of Plaintiff's protest which challenged CBP's decision to refuse the admission and exclude this merchandise from entry.

### Parties

7. Alive Distributor Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business currently in Vernon, CA. Plaintiff is the purchaser, owner and importer of record of the subject merchandise.

8. Alive Distributor is the real party in interest and has standing to bring this action.

9. Defendant, United States, is the proper party to defend decisions taken by U.S. Customs and Border Protection.

### Factual Background

10. Pursuant to a purchase order, Plaintiff ordered the excluded garments from Zhuji CTS Imp./Exp. an unrelated seller of garments on an F.O.B. basis. Plaintiff acquired title to the goods when laden on board the exporting carrier and exported from China. Once laden on board the vessel, Plaintiff assumed the risk of loss for the imported merchandise.

11. Plaintiff paid the seller for the merchandise by wire transfer.

12. Pursuant to Defendant's entry procedures, Plaintiff is the ultimate consignee. After importation, goods were intended for delivery to a warehouse in Vernon, CA where Plaintiff now has established its business office. Plaintiff sells and distributes branded garments to various

wholesale and retail sellers, including S&G Apparel, Inc., Style Conceivable Inc., D'Yukee, Inc., and Shosho Fashion.

13. On arrival in the United States, Plaintiff through its Customs broker filed a consumption entry in proper form to enter the goods. Defendant ordered the merchandise for examination to its designated exam site. The imported merchandise was delivered to the Customs designated exam site on March 22, 2021 and became available for inspection on that date. On March 29, 2021 Customs notified the Plaintiff that its entry is rejected. The Notice asserts Plaintiff does not have the right to make entry.

14. Pursuant to 19 U.S.C. 1499, on April 21, by operation of law, the merchandise was deemed excluded.

15. Pursuant to 19 U.S.C. §1514(a)(4), on April 22, 2021, Plaintiff filed a protest challenging Customs' decision to exclude the merchandise imported by Plaintiff.

16. On May 10, 2021 Customs denied Plaintiffs' protest.

### Count 1

(Unlawful Decision to Exclude Merchandise from Entry)

17. Plaintiff repeats and incorporates paragraphs 1-16.

18. Pursuant to 19 U.S.C. 1484(a) a party who qualifies as an importer of record shall make an entry and is entitled to the release of imported merchandise for consumption.

19. Pursuant to 19 U.S.C. 1484(a)(2)(B), the law provides that the owner or purchaser of the goods or a licensed Customs broker qualifies as an importer of record. The documentation submitted to Customs in connection with the entry of this merchandise and the subsequent protest is clear evidence that Plaintiff purchased and owns the excluded garments. As a matter

of law, Plaintiff qualifies to be the importer of record for this entry and is entitled to the release of the garments.

## Request for Relief

20. WHEREFORE, Plaintiff respectfully requests that this court enter judgment its favor, and:

(1) Declare CBP's exclusion of Plaintiff's merchandise from entry to be null and void;

(2) Declare CBP's refusal to enter and admit the merchandise contrary to law;

(3) Order Defendant to release the merchandise to Plaintiff for entry forthwith;

(4) And, further and other relief as the court may deem just.

Dated: May 19, 2021          Respectfully submitted,

                               STEIN SHOSTAK SHOSTAK POLLACK & O'HARA
                               Attorneys for Plaintiff
                               865 S. Figueroa St., Suite 1388
                               Los Angeles, CA 90071
                               Tel: (213) 630-8888

                 By:      /s/ Elon A. Pollack
                               Elon A. Pollack, Esq.

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 865 S. Figueroa Street, Suite 1388, Los Angeles, California 90017.

On **May 19, 2021,** I served copies of **Plaintiffs' Summons, Complaint, Information Sheet (Form 5) and Disclosure of Corporate Affiliations, etc. (Form 13)** on the interested parties (named below) in this action as follows:

Commercial Litigation Branch
United States Department of Justice,
International Trade Field Office
26 Federal Plaza, Room 346
New York, NY 10278-0140

**[BY MAIL]** Following ordinary business practices, I placed the envelope for collection and deposit with the U.S. Postal Service. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. Under that practice, in the ordinary course of business, correspondence is deposited on the same day with the U.S. Postal Service in Los Angeles, California with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postmark date or postage meter date is more than one day after the date of deposit.

I declare that I am employed by a member of the bar of this court, at whose direction this service was made.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on **May 19, 2021**, in Los Angeles, California.

/s/ Greg Manalac
Greg Manalac