UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

_____
ALIVE DISTRIBUTOR INC.,                          :
                                                                    :
                                                                    :
                                     Plaintiff,           :          Court No. 21-00236
                                                                    :
                        v.                                     :
                                                                    :
UNITED STATES,                                         :
                                                                    :
                                     Defendant.      :
_____:

## <u>ORDER</u>

Upon reading defendant's motion to dismiss for lack of subject matter jurisdiction, plaintiff's response thereto; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is granted, and it is further

**ORDERED** that this action is dismissed.


                                                      _____
                                                                    Judge


Dated: _____
            New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE
_____

| | | |
|---|---|---|
| ALIVE DISTRIBUTOR INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 21-00236 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## **DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction upon the grounds set forth in the accompanying memorandum of law.

WHEREFORE, the United States respectfully asks this Court to enter an order granting its motion to dismiss and dismissing this action.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

By:     /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Hardeep K. Josan
HARDEEP K. JOSAN
Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9245 or 9230

Attorneys for Defendant

Of Counsel:
Edward Maurer
Valerie Kruger
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

July 19, 2021

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

_____

| | | |
|---|---|---|
| ALIVE DISTRIBUTOR INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 21-00236 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

_____ :

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

HARDEEP K. JOSAN
Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9245 or 9230

Attorneys for Defendant

Of Counsel:
Edward Maurer
Valerie Kruger
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

July 19, 2021

## **TABLE OF CONTENTS**

BACKGROUND..........................................................................................................1

ARGUMENT ...........................................................................................................3

    I.     STANDARD OF REVIEW..........................................................................3

    II.    THE COURT LACKS SUBJECT MATTER JURISDICTION UNDER
            28 U.S.C. § 1581(a)  BECAUSE PLAINTIFF'S PROTEST WAS
            PREMATURE.............................................................................................5

CONCLUSION .........................................................................................................9

# TABLE OF AUTHORITIES

## Cases

*Autoalliance Int'l, Inc. v. United States*,
   29 CIT 1082, 398 F. Supp. 2d 1326 (2005) ................................................................. 2

*Blink Design, Inc. v. United States*,
   986 F. Supp. 2d 1348 (Ct. Int'l Trade 2014) ......................................................... 4, 8

*Cedars-Sinai Med. Ctr. v. Watkins*,
   11 F.3d 1573 (Fed. Cir. 1993) ................................................................................. 4

*CR Indus. v. United States*,
   10 CIT 561 (1986) ................................................................................................. 3

*Eastern Transp. Co. v. United States*,
   272 U.S. 675, 47 S. Ct. 289, 71 L. Ed. 472 (1927) .................................................. 4

*Everflora Miami, Inc. v. United States*,
   885 F. Supp. 243 (Ct. Int'l Trade 1995) ................................................................. 6

*H&H Wholesale Servs., Inc. v. United States*,
   30 CIT 689, 437 F. Supp. 2d 1335 (2006) ........................................................... 4, 5

*Halperin Shipping Co., Inc. v. United States*,
   742 F. Supp. 1163 (Ct. Int'l Trade 1990) ............................................................... 6

*Industrial Chemicals, Inc. v. United States*,
   335 F. Supp. 3d 1327 (Ct. Int'l Trade 2018) .......................................................... 6

*Juice Farms, Inc. v. United States*,
   68 F.3d 1344 (Fed. Cir. 1995) ................................................................................ 6

*McMahon v. United States*,
   342 U.S. 25, 72 S. Ct. 17, 96 L. Ed. 268 (1951) ................................................... 4

*McNutt v. Gen. Motors Acceptance Corp.*,
   298 U.S. 178 (1936) .............................................................................................. 3

*Ovan Int'l, Ltd. v. United States*,
   49 F. Supp. 3d 1327 (Ct. Int'l Trade 2015) ........................................................... 6

*Ruckelshaus v. Sierra Club*,
   463 U.S. 680 (1993) ........................................................................4

*Steel Co. v. Citizens For A Better Env't*,
   523 U.S. 83 (1998) .........................................................................3

*United States v. Mitchell*,
   445 U.S. 535 (1980) ........................................................................4

*Wally Packaging, Inc. v. United States*,
   578 F. Supp. 1408 (Ct. Int'l Trade 1984) .....................................3

**Statutes and Regulations**

19 U.S.C. § 1337 ..................................................................................5

19 U.S.C. § 1484 ..................................................................................3

19 U.S.C. § 1499(c)(5)(A) .............................................................. 6, 7

19 U.S.C. § 1500 ..................................................................................5

19 U.S.C. § 1504 ..................................................................................5

19 U.S.C. § 1514(a) .................................................................1, 3, 5, 6

19 U.S.C. § 1514(c)(3)(B) ...................................................................6

19 U.S.C. § 1520(d) .............................................................................5

28 U.S.C. § 1581 ..................................................................................4

28 U.S.C. § 1581(a) .................................................................1, 3, 5, 6, 9

19 C.F.R. § 151.16(b) ...................................................................... 7, 8

**USCIT Rules**

USCIT Rule 12(b)(1) .....................................................................1, 3, 4

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE
_____

| | | |
|---|---|---|
| ALIVE DISTRIBUTOR INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 21-00236 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
_____ :

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, defendant, United States (the Government), submits this memorandum in support of our motion that this action be dismissed for lack of subject matter jurisdiction.

Plaintiff commenced this action to challenge an alleged deemed exclusion of one entry of wearing apparel. Compl. ¶¶ 2, 3, 9. Plaintiff alleged that the Court has jurisdiction over its claims pursuant to 28 U.S.C. § 1581(a). As will be discussed below, however, because plaintiff filed a protest before U.S. Customs and Border Protection (CBP) made an admissibility decision and before the merchandise was excluded by operation of law, the protest was premature under 19 U.S.C. § 1514(a), and therefore the Court does not possess jurisdiction over this action.

## BACKGROUND

This case involves the attempted importation of 1108 cartons of wearing apparel. Compl. ¶ 2. The alleged importer of record, Alive Distributor Inc. (Alive Distributor or plaintiff), filed documentation to make entry under Entry No. D14-2110975-6. Compl. ¶

2; Baeza Decl. ¶ 7.[1]   The date of entry is stated to be March 11, 2021.   Baeza Decl. ¶ 7.

CBP selected this entry for examination, thereby requiring the importer to deliver the

goods to a Centralized Examination Station (CES) operated by a private contractor.

Baeza Decl. ¶ 7.

Alive Distributor selected the CES operated by Price Transfer, Inc. (Price

Transfer) in Carson, CA. Baeza Decl. ¶ 7. The container with the goods arrived at the

Price Transfer CES on March 22, 2021. *See* Compl. ¶2. The merchandise was not

actually brought to a "door" at the CES and removed from the container at that time.

Baeza Decl. ¶¶ 4, 8. Rather, the goods were brought to a door and devanned on March

26, 2021. Baeza Decl. ¶¶ 4, 8. At CBP's request, the container was only partially

devanned, meaning that only 392 of the 1108 cartons were unloaded. Baeza Decl. ¶ 8.

When the partial devanning was complete, Price Transfer notified CBP. Baeza Decl. ¶¶

5, 8.

CBP Officer Richard Baeza then examined a few cartons on March 26, 2021,

which were then resealed with green CBP tape. Baeza Decl. ¶ 9. After the examination

and review of documentation, Officer Baeza issued a Detention Notice on the same day

(*i.e.*, March 26, 2021). Baeza Decl. ¶ 10. On March 29, 2021, CBP issued an

Entry/Summary Rejection Sheet, which required plaintiff to provide further

documentation that would explain discrepancies discovered during the document review

---

[1] The Government supports its recitation of the facts with citations to documents, which
are provided to the Court as exhibits to this motion. Although these documents are
extraneous to the complaint, a court can review evidence outside of the pleadings to
determine facts necessary to rule on jurisdiction. *See, e.g.*, *Autoalliance Int'l, Inc. v.
United States*, 29 CIT 1082, 1089, 398 F. Supp. 2d 1326, 1332 (2005).

and container examination.   Compl. ¶ 13; Baeza Decl. ¶ 11.   Plaintiff responded on March 29, 2021.   Baeza Decl. ¶ 11.   CBP found plaintiff's response to be insufficient, and made a determination to exclude the merchandise.   CBP issued an Exclusion Notice on April 23, 2021, notifying plaintiff of its decision.   Baeza Decl. ¶ 12.   In the notice, CBP indicated that, "Merchandise is being excluded because the documents provided are insufficient and it is in violation of 19 USC [§] 1484."   Baeza Decl. ¶ X and attached Ex. D.   Section 1484 sets forth the legal requirements for the entry of merchandise.

Plaintiff filed a protest, No. 2704-21-154786, on April 22, 2021 pursuant to 19 U.S.C. § 1514(a), challenging what plaintiff believed was a deemed exclusion.   *See* Compl. ¶ 15.   CBP denied the protest on May 10, 2021.   *See* Compl. ¶ 16.

On May 19, 2021, plaintiff filed the instant action to contest an alleged deemed exclusion.   Plaintiff asserts jurisdiction under 28 U.S.C. § 1581(a).

## ARGUMENT

## I.   STANDARD OF REVIEW

The Court's determination of subject matter jurisdiction is a threshold inquiry. *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 94–95 (1998).   "It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof."   *CR Indus. v. United States*, 10 CIT 561, 562 (1986).   When jurisdiction is challenged pursuant to Rule 12(b)(1), a plaintiff has the burden of establishing the basis for jurisdiction.   *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Wally Packaging, Inc. v. United States*, 578 F. Supp. 1408, 1410 (Ct. Int'l Trade 1984) (noting that "[w]hen the Court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists").

Furthermore, "[i]t is elementary that [t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citations omitted). A waiver of sovereign immunity must be unequivocally expressed, not merely implied. *Id*. As the United States Supreme Court stated in *Ruckelshaus v. Sierra Club*:

> Waivers of immunity must be "construed strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27, 72 S. Ct. 17, 19, 96 L. Ed. 268 (1951), and not "enlarge[d] . . . beyond what the language requires." *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686, 47 S. Ct. 289, 291, 71 L. Ed. 472 (1927).

463 U.S. 680, 685 (1993).

The precise expression of consent to suit are the jurisdictional statutes enacted by Congress which authorize suit against the United States only under certain conditions. In customs and trade litigation, subject matter jurisdiction in actions against the United States is conferred upon this Court by 28 U.S.C. § 1581. Thus, although the United States has consented to be sued in this Court, such suits may only be permitted if the conditions of that statute are met.

If a Rule 12(b)(1) motion controverts factual allegations in the complaint, the allegations in the complaint are not controlling and are subject to factfinding by the Court. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993); *Blink Design, Inc. v. United States,* 986 F. Supp. 2d 1348, 1352 (Ct. Int'l Trade 2014); *H & H Wholesale Servs., Inc. v. United States*, 30 CIT 689, 691-92, 437 F. Supp. 2d 1335, 1339 (2006). In these circumstances, as part of the motion, the Court is permitted to "review evidence outside the pleadings to determine facts necessary to rule on the jurisdictional

issue." *H & H Wholesale*, 30 CIT at 692, 437 F. Supp. 2d at 1340 (citations and quotations omitted). Accordingly, the Court is permitted to review the documents attached to this motion for purposes of assessing jurisdiction, which demonstrate that CBP made an admissibility decision within thirty days of the merchandise being presented for examination and there was no exclusion by operation of law when plaintiff filed the protest.

II.     **THE COURT LACKS SUBJECT MATTER JURSIDICTION UNDER 28 U.S.C. § 1581(a) BECAUSE PLAINTIFF'S PROTEST WAS PREMATURE**

Plaintiff asserts jurisdiction under 28 U.S.C. § 1581(a), *see* Compl. ¶ 2, which grants the Court exclusive jurisdiction "of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930". The types of CBP decisions that are protestable are enumerated in 19 U.S.C. § 1514(a), and they include:

1. the appraised value of merchandise;

2. the classification and rate and amount of duties chargeable;

3. all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;

4. the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under [19 U.S.C. § 1337];

5. the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either [19 U.S.C. § 1500] or [19 U.S.C. § 1504];

6. the refusal to pay a claim for drawback; or

7. the refusal to reliquidate an entry under subsection (d) of [19 U.S.C. § 1520].

Unless a protest is filed within the required time limits, these decisions become final and conclusive. 19 U.S.C. § 1514(a). A timely protest must be filed "within 180 days after *but not before*" the date of the decision as to which protest is made. *See* 19 U.S.C. §§ 1514(a) and 1514(c)(3)(B) (emphasis added).

The Court has exclusive jurisdiction over "any civil action commenced to contest the denial of a protest" pursuant to 28 U.S.C. § 1581(a). The Court's jurisdiction "is limited to appeals of valid and timely protests that have been denied by Customs." *Ovan Int'l, Ltd. v. United States*, 49 F. Supp. 3d 1327, 1331 (Ct. Int'l Trade 2015) (citing 28 U.S.C. § 1581(a)). It is well-established that a condition precedent for jurisdiction under § 1581(a) is that the importer must first have filed its protests in a timely manner. A protest that is filed untimely is considered to be invalid. *See, e.g.*, *Industrial Chemicals, Inc. v. United States*, 335 F. Supp. 3d 1327 (Ct. Int'l Trade 2018); *Halperin Shipping Co., Inc. v. United States*, 742 F. Supp. 1163 (Ct. Int'l Trade 1990); *Everflora Miami, Inc. v. United States*, 885 F. Supp. 243 (Ct. Int'l Trade 1995); *Juice Farms, Inc. v. United States*, 68 F.3d 1344 (Fed. Cir. 1995).

Here, plaintiff commenced the present action pursuant to 28 U.S.C. § 1581(a) based on the theory that its entry was deemed excluded. Compl. ¶ 2. In pertinent part, 19 U.S.C. § 1499(c)(5) states:

> (A) The failure by the Customs Service to make a final determination with respect to the admissibility of detained merchandise within 30 days after the merchandise has been presented for customs examination, or such longer period if specifically authorized by law, shall be treated as a decision of the Customs Service to exclude the merchandise for purposes of section 1514(a)(4) of this title.

Accordingly, the starting point for determining, in the first instance, whether any deemed exclusion occurred is the date on which the "merchandise has been presented for customs examination." 19 U.S.C. § 1499(c)(5)(A). In alleging that its entry was deemed excluded, plaintiff asserts, without citation to any evidence, that "the imported merchandise was delivered to the designated Customs exam site and available for inspection" on March 22, 2021. Compl. ¶ 2.[2] In fact, as discussed below, the merchandise was not presented to CBP for examination until March 26, 2021, when the merchandise was made available for inspection at the warehouse CES that plaintiff's broker had selected. Baeza Decl. ¶¶ 8, 9.

Although the statute is silent as to what is meant by the phrase "merchandise has been presented for customs examination," CBP's regulations provide a detailed explanation. Specifically, 19 C.F.R. § 151.16(b) states:

> (b)  Decision to detain or release. Within the 5-day period (excluding weekends and holidays) following the date on which merchandise is presented for Customs examination, Customs shall decide whether to release or detain merchandise. Merchandise which is not released within such 5-day period shall be considered to be detained merchandise. *For purposes of this section, merchandise shall be considered to be presented for Customs examination when it is in a condition to be viewed and examined by a Customs officer. Mere presentation to the examining officer of a cargo van, container or instrument of international traffic in which the merchandise to be examined is contained will not be considered to be presentation of merchandise for Customs examination for purposes of this section.* Except when merchandise is examined at the public stores, the importer shall pay all costs relating to the preparation and transportation of merchandise for examination.

---

[2] Upon request, plaintiff's counsel provided a document from Price Transfer showing that the container arrived at the CES on March 22, 2021. *See* Ex. 1.

19 C.F.R. § 151.16(b) (emphasis added). As such, merchandise is "presented for examination" when it is in a condition to be examined by a CBP official.

When, as here, CBP wishes to examine merchandise, the importer or broker must arrange for the merchandise be delivered to a CES where the examination will occur. Baeza Decl. ¶ 3. Consistent with CBP regulations and case law, the date on which merchandise is presented for examination is the date that the last covered container is delivered to the CES, its contents have been unloaded by the private contractor, and CBP has received the relevant documents that it needs to perform the examination. 19 C.F.R. § 151.16(b); *Blink Design*, 986 F. Supp. 2d at 1355-56. Only at that point has the merchandise been "presented for Customs examination" because it is "in a condition to be viewed and examined by a Customs officer." 19 C.F.R. § 151.16(b).

Here, although the container arrived at Price Transfer on March 22, 2021, the merchandise at issue was not presented for examination by Price Transfer until March 26, 2021, thereby beginning the thirty-day period during which CBP could make an admissibility determination. Baeza Decl. ¶¶ 8, 9. On April 23, 2021, within that thirty-day period, CBP excluded the merchandise. Baeza Decl. ¶ 12. Contrary to plaintiff's assertion, the merchandise was not deemed excluded and thus no protestable event was triggered on April 22, 2021, when plaintiff filed its protest with CBP. Plaintiff erred in measuring the 30-day period from the date that the container arrived at the CES on March 22, 2021, instead of on the date that the merchandise was presented for examination on March 26, 2021. Consequently, plaintiff prematurely filed its protest on April 22, 2021, which is before any deemed exclusion would have occurred and before CBP made an admissibility decision to exclude the merchandise on April 23, 2021. In other words,

there was no admissibility decision or deemed exclusion that could form the basis for a valid protest at the time plaintiff filed its protest. And because the protest was invalid at the time it was filed, the Court lacks section 1581(a) jurisdiction over this action.

Oddly, the time period for plaintiff to file an administrative protest against CBP's determination to exclude the merchandise (notice issued on April 23, 2021) has not yet expired as of the filing of this motion. However, plaintiff has not yet exhausted this administrative remedy.

**CONCLUSION**

For the foregoing reasons, this Court should grant the Government's motion to dismiss.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

9

By: /s/ Justin R. Miller
    JUSTIN R. MILLER
    Attorney-In-Charge
    International Trade Field Office

    /s/ Hardeep K. Josan
    HARDEEP K. JOSAN
    Trial Attorney
    International Trade Field Office
    Department of Justice, Civil Division
    Commercial Litigation Branch
    26 Federal Plaza, Room 346
    New York, New York 10278
    (212) 264-9245 or 9230

    Attorneys for Defendant

Of Counsel:
Edward Maurer
Valerie Kruger
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

July 19, 2021

10

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Hardeep K. Josan, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in support of defendant's motion to dismiss, dated July 19, 2021, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 2,421 words.

<u>/s/ Hardeep K. Josan</u>